FILED

**NOT FOR PUBLICATION**

JUL 30 2026

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON MUNOZ and MELISSA OLSEN, individually and as representatives of a Putative Class of Participants and Beneficiaries, on behalf of the Alorica 401(K) Retirement Plan,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>ALORICA, INC.; et al.,<br><br>Defendants - Appellants. | No. 25-7359<br><br>D.C. No.<br>8:22-cv-01856-JWH-DFM<br>Central District of California<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted July 10, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER,[**] District

Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

This action was brought by former members of the Alorica 401(K) Retirement Plan ("Plan") under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). Defendants-Appellants appeal the district court's order granting class certification. We have jurisdiction under 28 U.S.C. § 1292(e) and Fed R. Civ. P. 23(f), and we vacate the district court's order and remand for proceedings consistent with this disposition.

1. Defendants-Appellants contend that the named plaintiffs lack standing to pursue claims that cover investment options in which they did not invest. We disagree. In the Ninth Circuit, "once the named plaintiff[s] demonstrate[] [their] individual standing to bring a claim, the standing inquiry is concluded." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) (citation omitted). "[A]ny issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *Id.* (citation omitted). Here, it is undisputed that both named plaintiffs invested in at least one of the challenged investment options, and Defendants-Appellants concede standing regarding these investment options. Differences between individual investment options are relevant to the class certification analysis, not to standing. *See id.*

2. Plaintiffs-Appellees have also established by a preponderance of the evidence standing to pursue their breach of fiduciary prudence claim based on Defendants-Appellants' alleged overpayment for recordkeeping fees. In the district court, Plaintiffs-Appellees offered the declaration of Rick Rodgers, AIFA ("Rodgers"), who averred that "the Plan as a whole appears to have overpaid for recordkeeping services," resulting in individual overpayments for both named plaintiffs. The Rodgers declaration is sufficient at the class certification stage to establish that the named plaintiffs suffered individual injuries from Defendants-Appellants' choice of recordkeeping services. Accordingly, Plaintiffs-Appellees have established Article III standing to bring their breach of fiduciary prudence claim. *See DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1239-40 (9th Cir. 2025) (describing elements of Article III standing), *cert. denied*, 145 S.Ct. 1051 (2025).

3. Although we hold that Plaintiffs-Appellees have established standing, we conclude that the district court erred in failing to conduct a rigorous class certification analysis. "[D]istrict courts must rigorously analyze whether plaintiffs have produced sufficient evidence that they have met class certification requirements." *Black Lives Matter L.A. v. City of L.A.*, 113 F.4th 1249, 1254 (9th Cir. 2024).

In analyzing typicality, the district court focused exclusively on Plaintiffs-Appellees' recordkeeping theory of liability. The district court failed to address

whether distinctions between investment options rendered the named plaintiffs' claims atypical of those of the remainder of the class. Although we suggest no view on this issue, we conclude that the district court's failure to analyze typicality as it pertained to Plaintiffs-Appellees' imprudent investment theory of liability warrants vacating and remanding its class certification order. *See Black Lives Matter*, 113 F.4th at 1258 (vacating certification order because the district court failed to adequately analyze whether Rule 23 prerequisites were satisfied).

Moreover, in analyzing Rule 23's adequate representation requirement, the district court failed to properly address Defendants-Appellants' contention that Plaintiffs-Appellees' loss theory gave rise to an irreconcilable class conflict. The district court noted that the fact that the named plaintiffs each paid less than $40 annually in recordkeeping fees was insufficient to give rise to an actual class conflict. But the district court did not sufficiently address the evidence presented by Defendants-Appellants that suggested that, even after the recordkeeping fees charged to Plan members were converted to asset-based fees, Plaintiffs-Appellees' loss model would have resulted in certain class members paying higher recordkeeping fees than they actually did during the class period. The district court's failure to resolve this key factual dispute was error. *See Black Lives Matter*, 113 F.4th at 1258; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (vacating class

- 4 -

certification order partially because the district court failed to resolve critical factual disputes).

Accordingly, because the district court failed to rigorously analyze whether Rule 23's typicality and adequate representation requirements were satisfied, we vacate its class certification order and remand for proceedings consistent with this disposition.[1]

**VACATED AND REMANDED**.

---

[1] Because a decision on Plaintiffs-Appellees' motion for judicial notice (Dkt. No. 22) has no effect on our decision in this case, we DENY the motion as moot.